IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv11 |
| JAMES THOMPSON, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Barry Dwayne Minnfee, an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that prison officials at the McConnell Unit, as well as the FBI and United States Marshals, have enlisted inmates at the unit in attempting to set him up with a shank or prison knife. In a supplemental complaint, plaintiff complains that he was not fully informed of a monitoring program and that his medical information was not properly protected by employees at the University of Texas Medical Branch in Galveston, Texas.

1

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose at the McConnell Unit in Beeville, Texas and at the University of Texas Medical Branch in Galveston, Texas. The city of Beeville is located in Bee County, Texas, and Galveston is located in Galveston County, Texas. Further, the defendants were employed at the McConnell Unit and at the UTMB at the time of the incidents which form the basis of this complaint. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Galveston County and Bee County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Bee County is in the Corpus Christi Division of the Southern District of Texas, and Galveston County is in the Galveston Division of the Southern District of Texas. As both Bee County and Galveston County are located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Southern District

of Texas, Corpus Christi Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   8   day of        April              , 2014.

                                                  KEITH F. GIBLIN
                                                UNITED STATES MAGISTRATE JUDGE