UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-147 |
| | § | |
| JAMES THOMPSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. He filed this § 1983 prisoner civil rights action on January 12, 2014, in the Laredo Division of the United States District Court for the Southern District of Texas. (*See* D.E. 1). On April 8, 2014, the Laredo district court transferred the action to this Court. (D.E. 5).

In his original complaint, Plaintiff alleges that on February 14, 2013, certain McConnell Unit officers and officials tried to "set him up" by planting a shank on him, and that certain federal government employees are also involved in this conspiracy to harm him and keep him incarcerated. (D.E. 1, p. 3). Plaintiff did not pay the $400.00 civil filing fee, nor has he sought leave to proceed *in forma pauperis* ("i.f.p."). Moreover, Plaintiff is a three strikes litigant as that term is defined in 28 U.S.C. § 1915(g), and as such, he has lost the privilege of proceeding i.f.p. unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## I. Jurisdiction.

The Court has federal question jurisdiction over this action. *See* 28 U.S.C. § 1331.

## II. Three strikes rule.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. *Id.*

## III. Plaintiff's litigation history.

Plaintiff has had at least five prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] In the Northern District of Texas, Amarillo Division, Plaintiff acquired his first three strikes: *See Minnfee v. Swart, et al.,* Case No. 2:96-cv-274 (N.D. Tex. May 26, 1999) (dismissed for failure to state a claim) (first strike); *Minnfee v. Keeling,* Case No. 2:96-cv-235 (N.D. Tex. May 2, 1997)

---

[1] *See* http://156.124.4.123/ThreeStrikes/m3.htm for a partial list of Minnfee's actions that have been dismissed as frivolous and/or for failure to state a claim, or as barred by §1915(g), or for failure to pay sanctions.

(dismissed as frivolous) (second strike); and *Minnfee v. Slaughter,* Case No. 2:02-cv-242 (N.D. Tex. Sep. 9, 2002) (dismissed as frivolous) (third strike).[2] Thereafter, Plaintiff quickly obtained a strike in the Abilene Division: *Minnfee v. Robertson Unit, et al.,* Case No. 2:03-cv-023 (N.D. Tex. Feb. 6, 2003) (dismissed and no imminent danger) (fourth strike). A few months later, Plaintiff's action filed in the San Antonio Division of the Western District of Texas was dismissed pursuant to the three strikes bar: *Minnfee v. Coutee, et al.,* Case No. 5:03-cv-35 (W.D. Tex. Apr. 28, 2003) (dismissed as frivolous) (fifth strike). Later that year, in *Minnfee v. Simpson,* Case No. 2:03-cv-250 (N.D. Tex. Dec. 9, 2003), the Amarillo district court imposed a $200.00 sanction and noted that Plaintiff was barred from any new filings until he had satisfied the monetary sanction and secured permission to file.

Shortly thereafter, Plaintiff was denied leave to file and/or had three actions dismissed in succession in the Southern District of Texas, Houston Division, based on his three strikes status and his failure to demonstrate imminent danger of physical harm. *See Minnfee v. Blackburn,* Case No. 4:03-cv-4676 (S.D. Tex. Feb. 4, 2004); *Minnfee v. Cockrell,* Case No. 4:03-cv-3354 (S.D. Tex. Feb. 4, 2004); and *Minnfee v. Janicek, et al.,* Case No. 4:04-cv-2499 (S.D. Tex. Jul. 12, 2004). Later that year, in a habeas corpus action, *Minnfee v. Dretke,* Case No. 2:02-cv-310 (N.D. Tex. Sep. 15, 2004), the Amarillo district court imposed a $25.00 sanction against Plaintiff and specifically barred him from filing any future motions in that proceeding. *Id.* at D.E. 112. Indeed, the Clerk of the

---

[2] Plaintiff's last name has been spelled "Minnafee" and "Minnifee" in other court proceedings.

3 / 7

Court was ordered to return unfiled any subsequent pleading submitted by Plaintiff unless instructed otherwise by a reviewing judge.[3] *Id.*

Plaintiff continued to have difficulty in the Northern District of Texas. *See Minnfee v. Dretke,* Case No. 2:04-cv-147 (N.D. Tex. Mar. 7, 2005) (sanctioned $25.00 and barred until all pending sanctions paid); *Minnfee v. Emerson, et al.,* Case No. 5:05-cv-067 (N.D. Tex. Mar, 25, 2005) (sanctioned $100 and Clerk of Court ordered to return all pleadings except notice of appeal until sanctions paid); *Minnfee v. Letson, et al.,* Case No. 4:04-cv-348 (N.D. Tex. May 16, 2005) (dismissed based on three strikes bar).

On June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against Plaintiff in *Minnfee v. Quarterman*, No. 07-50446 (5th Cir. 2007), and imposed a $100 sanction. The Fifth Circuit specifically noted:

> The Clerks of all Federal District Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the Courts of this Circuit.

*Id.*

On or about July 5, 2011, Plaintiff paid the $100 sanction to the Fifth Circuit, thus satisfying the sanction order and rendering Plaintiff no longer precluded from filing pleadings with this Court. *See In re Minnfee,* Case No. 4:11-mc-436 (D.E. 2). However, the payment of the sanction did not remove Plaintiff from the three strikes list, and he

---

[3] The docket reflects that on September 20, 2011, Plaintiff paid the $25.00 sanction.

continued to accumulate strikes, as well as to be barred from filing, in this and other courts. Specifically, in the Southern District of Texas, Corpus Christi Division, Plaintiff has had four lawsuits dismissed in as many years. *See Minnfee v. Haman,* Case No. 2:11-cv-168 (S.D. Tex. Jun. 1, 2011) (mixed habeas/§ 1983 petition identical to one dismissed by Houston court and no imminent danger); *Minnfee v. Thaler. et al.* Case No. 2:12-cv-100 (S.D. Tex. Apr. 10, 2012) (mixed habeas/§ 1983 petition fails to establish imminent danger and Plaintiff is barred based on three strikes status); *Minnfee v. Thaler,* Case No. 2:12-cv-370 (S.D. Tex. Dec. 7, 2012) (no imminent danger to support consideration of claims); and *Minnfee v. Gonzalez, et al.,* Case No. 2:13-cv-159 (S.D. Tex. Aug. 9. 2013) (dismissing § 1983 action based on three strikes and no imminent danger).

Despite Plaintiff's payment of the $100.00 sanction ordered by the Fifth Circuit, he remains a three strikes litigant and is barred from proceeding i.f.p. in a prisoner civil rights action unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**IV.     Analysis.**

In the instant lawsuit, Plaintiff claims that Defendants are utilizing other offenders to "entrap" him so that he will have to remain in prison longer. He claims that Captain James Thompson and Sergeant Benjamin Morales have both told him that other inmates "do not like him anyway," and therefore, are easily recruited to assist Defendants in their attempts to "entrap" him with false disciplinary cases. (D.E. 1, p. 3). He complains that Debbie Ray, a member on the State Classification Committee ("SCC") in Huntsville, Texas, ignores his complaints and denies his requests for transfer. *Id.* Plaintiff alleges

that FBI Agent Kevin Donnally tried to "set him up" by planting a shank or homemade knife on him and that this was done with the approval of Mr. Drew Watts, the Assistant Director of the FBI who is located in Washington, D.C. *Id.* Plaintiff also claims that the U.S. Marshal Service in Victoria, Texas, is involved in attempts to set him up and to keep him in prison. He claims that he is seeking "…prosecution against this unit" and to be transferred off the McConnell Unit. *Id.*

Considering Plaintiff's allegations in the light most favorable to him, his claims fail to state that he is in imminent danger of serious physical harm. The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate*.*" *Ciarpaglini v.Saini,* 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Here, Plaintiff is complaining of a knife that was allegedly planted on him in February of 2013, over a year ago. Moreover, he does not suggest that the knife was used to threaten him or that he has been threatened by any Defendant with physical harm. To the contrary, he suggests that he is being "set up" to appear violent so as to remain in prison longer. Even if true, these actions do not suggest any imminent physical threat of danger to Plaintiff. There is no indication that Plaintiff is in any type of danger to excuse him from the § 1915(g) three strikes bar.

## V. Conclusion.

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to demonstrate that he is in imminent danger of physical harm. Accordingly, this lawsuit is dismissed without prejudice, and all pending motions are denied as moot. Plaintiff may move to reinstate this action within thirty (30) days of the date of entry of this Order, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate. If no such motion is received within said time frame, final judgment of dismissal shall be entered at that time.

ORDERED this 12th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE